RECEIVED
IN LAKE CHARLES, LA

FEB -5 2013

TONY R. MOORE, CLERK
BY_____
        DEPUTY

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:05 cr 20034 |
| VS. | : | JUDGE MINALDI |
| MICHAEL LANE LYONS | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Presently before the court is a Motion to Reduce Sentence Pursuant to 18 U.S.C §3852 (Rec. Doc. 50) filed by the defendant, Michael Lane Lyons ("Lyons").

### Procedural History

On May 5, 2005, the defendant pleaded guilty to Counts One and Two of an indictment charging him with possession with intent to distribute 247 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and possession of a firearm during a drug trafficking, in violation of 18 U.S.C. § 924(c)(1). (Rec. Doc. 22). The government had filed an information of prior conviction. (Rec. Doc. 14).

On November 16, 2005, the defendant was sentenced to 220 months as to Count One and 60 months as to Count Two. The sentences are to run consecutively. (Rec.Docs. 32, 34).

On November 30, 2005, by an amended judgment Lyons was resentenced to 240 months as to Count One and 60 months as to Count Two. The sentences are to run consecutively for a total of 300 months. (Rec. Doc. 38).

On December 26, 2007, the defendant filed a motion to reduce his sentence under § 3582(c)

and under the amendments to the crack cocaine guidelines. This court denied that motion and indicated that the defendant had been sentenced to the statutory mandatory term of imprisonment. (Rec. Docs. 46, 49).

On September 28, 2012, after another amendment to the crack cocaine guidelines, the defendant filed this § 3582(c) motion. The government has filed an opposition (Rec. Doc. 52).

## Legislative History

Title 18 U.S.C. § 3582(c)(2) which provides as follows:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in Section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In U.S.S.G. § 1B1.10, p.s., the Sentencing Commission identified the amendments which may be applied retroactively pursuant to this authority and articulated the proper procedure for implementing the amendments in a concluded case. The amendments at issue deal with changes to the guidelines applicable to offenses involving crack cocaine. The first amendment which took effect on November 1, 2007, and became retroactively applicable effective March 3, 2008, reduced the base offense level for most crack cocaine offenses. U.S.S.G. App. C, Amend. 706.

On August 3, 2010, Congress enacted the Fair Sentencing Act of 2010 ("FSA"), Pub.L. No. 111-220, 124 Stat. 2372 which modified the penalties for crack cocaine offenses and authorized the United States Sentencing Commission to amend the United States Sentencing Guidelines to give effect to the FSA on an emergency basis. The Fair Sentencing Act ("FSA") changed the drug quantities necessary to trigger mandatory minimum sentences for powder and crack cocaine offenses.

FSA, Pub.L. No. 111–220, § 2(a), 124 Stat. 2372 (Aug. 3, 2010). The Sentencing Commission amended the drug quantity table in § 2D1.1 to conform with the new statutory sentences set out in the FSA. *See* United States Sentencing Comm'n, *Guidelines Manual, Supp. to Appendix C–Vol. III*, Amendment 750, at 391–98 (Nov. 1, 2011). Amendment 759 made Amendment 750's changes to the drug quantity table in § 2D1.1(c) retroactive. *See id.* at 416–21 (amending § 1B1.10(c) to make parts A and C of Amendment 750 retroactively applicable). *United States v. Carey*, 2012 WL 5398183, 3 (5th Cir. 2012).

## Analysis

§ 3582(c)(2) permits the discretionary modification of a defendant's sentence in certain cases where the sentencing range has been subsequently lowered by the Sentencing Commission. *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir.2009). In such cases, the district court may reduce a sentence after considering the applicable factors under 18 U.S.C. § 3553(a) and the applicable guideline policy statements. § 3582(c)(2). *United States v. Brown*, 2012 WL 6582512, 1 (5th Cir. 2012).

§ 3582(c)(2) establishes a two-step inquiry. *See* 18 U.S.C. § 3582(c)(2). Step one requires a district court to consider whether a defendant is eligible for a sentence reduction under § 1B1.10 of the Sentencing Guidelines. *Dillon v. United States*, 130 S.Ct. 2683, 2691 (2010). Section 1B1.10 instructs a court to determine the amended Guidelines range applicable to the defendant and then impose a sentence equal to or above the low end of the amended range unless the defendant's original sentence was below the Guidelines range. *Id.* at § 1B1.10(b)(1), (2)(A)-(B). If the defendant originally received a below-Guidelines sentence, a district court may grant a comparable reduction under the amended Guidelines range. *Id.* at § 1B1.10(b)(2)(B); *see Dillon*, 130 S.Ct. at 2691–92.

Step two requires that the district court "consider any applicable § 3553(a) factors[1] and determine whether, in its discretion, the reduction authorized by [§ 1B1.10] is warranted in whole or in part under the particular circumstances of the case." *Dillon,* 130 S.Ct. at 2692 (footnote added). *United States v. Carey,* L 5398183, 2 -3 ( 5th Cir. 2012).

Lyons argues that he is eligible for a § 3582(c)(2) reduction based on the Fair Sentencing Act ("FSA"), which became effective on August 3, 2010. The FSA lowered the statutory mandatory minimum penalties for crack cocaine offenses in 21 U.S.C. § 841(b). *See* Fair Sentencing Act of 2010, Pub.L. No. 111–220 § 2(a), 124 Stat. 2372 (2010). The FSA is not a guidelines amendment by the Sentencing Commission, rather a statutory change by Congress, and thus cannot serve as a basis for a § 3582(c)(2) sentence reduction. *United States v. Berry* 701 F.3d 374, 377 (11th Cir. 2012).

In *Berry, supra,* the defendant argued for a similar reduction in his sentence pursuant to the FSA. In denying the 3582 motion, the court reasoned:

> Even assuming *arguendo* that Berry, as he asserts, could bring his FSA claim in a § 3582(c)(2) motion, Berry's FSA claim still fails because he was convicted and sentenced in 2002, and the FSA does not apply retroactively to his 2002 sentences. The general savings clause in 1 U.S.C. § 109 provides that "[t]he repeal of any statute shall not have the effect to release or extinguish any penalty ... incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or

---

[1] Section 3553 instructs the court to "impose a sentence sufficient, but not greater than necessary" and to consider, in determining a sentence: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and punish the offense, to deter criminal conduct, protect the public, and provide the defendant with training or medical treatment; (3) the kinds of sentences available; (4) the sentencing range established in the Guidelines; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities; and (7) the need to provide restitution to victims of the offense. 18 U.S.C. § 3553(a).

prosecution for the enforcement of such penalty ...." 1 U.S.C. § 109. *See United States v. Gomes*, 621 F.3d 1343, 1346 (11th Cir.2010) (discussing 1 U.S.C. § 109), *cert. denied*, — U.S. —, 131 S.Ct. 1833, 179 L.Ed.2d 788 (2011). Nothing in the FSA extinguishes the statutory mandatory minimum sentence or penalty already imposed in Berry's case before the FSA's enactment. We agree with every other circuit to address the issue that there is "no evidence that Congress intended [the FSA] to apply to defendants who had been sentenced prior to the August 3, 2010 date of the Act's enactment." *United States v. Baptist*, 646 F.3d 1225, 1229 (9th Cir.2011) (citing decisions from every Circuit, including *Gomes*, except the D.C. Circuit and the Federal Circuit), *cert. denied*, — U.S. —, 132 S.Ct. 1053, 181 L.Ed.2d 773 (2012); *United States v. Bigesby*, 685 F.3d 1060, 1066 (D.C.Cir.2012) (subsequently agreeing the FSA does not apply to sentences imposed prior to August 3, 2010); *United States v. Fields*, 699 F.3d 518, 521–23, No. 09–3137, 2012 WL 5457682, at *3–4 (D.C.Cir. Nov. 9, 2012) (same).

Lyons was sentenced in 2005 and therefore cannot benefit from changes made to the statutory mandatory minimums. *United States v. Robinson*, No. 12-40806, 2012 WL 5928274 (5th Cir. 2012). Because he was sentenced to a mandatory minimum, he is not eligible for relief pursuant to U.S.S.G. § 1B1.10 and §3582(c)(2).

Lyons has not shown that he was sentenced based on a guidelines range that was subsequently lowered by the Sentencing Commission. *See* § 3582(c)(2). Accordingly, his motion to reduce his sentence will be denied.

Lake Charles, Louisiana, this 5 day of February, 2013.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE